which had a sentencing range of 0-20 years. At the time of petitioners sentencing the Fourth Circuit Court of Appeals had applied Apprendi in U.S. V. Angle, 230 F.3d 113 (4th Cir 2000). The Angle Court at the time held that because drug quantity findings have the effect of exposing a defendant to a greater term of imprsionment than that prescribed by section 841 (b)(1)(c), Apprendi requires that drug quantity be alleged in the indictment and submitted to a jury for determination; in the absence of such, a defendant may not be sentenced in excess of 841 (b)(1)(c)'s maximum of twenty years. Id. The Angle Court went on to say that a sentencing court may still make findings respecting drug quantity, "for the purpose of calculating the offense level and relevant conduct under the United States Sentencing Guidleines," as long as the sentence is at or below the statutory maximum set by section 841 (b)(1)(c).Id

The sentencing court at Petitioners sentencing stated that, "I hereby adopt the rationale of the Angle decision of the Fourth Circuit... I believe that Angle is a well reasoned decision, makes sense to me, and I'm going to follow it. (sentencing tr.pg31) The Court imposed a term of 240 months imprisonment.

On May 1, 2007 the United States Sentencing Commission amended the Sentencing Guidelines, specifically Amendment 706 which became effective November 1, 2007, and explicity voted on December 11, 2007 to make retroactive. Amendment 706 which pertains to offenses involving cocaine base "Crack", adjusted downward two levels the offense level assigned to

2

each threshold of quantity of crack cocaine listed in the drug quantity table 2D1.1. A Motion to modify a sentence due to a retroactive amendment which alters previous sentencing guidleines ranges, require district courts to make two distinct determinations.

First, by substituting only the amended sentencing range for the originally determined sentencing range, and leaving all other previous factual decisions concerning particularized sentencing factors intact, the district court must determine what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing. In this particular case a base offense level of 36 should be applied based on 1.5 Kilograms of crack being attributed to petitioner. Bringing the relevant guideline range to 188-235 months, as opposed to the pre-amendments level 38 range of 235 to 293 months.

Secondly, after having established the applicable Amendment guideline range, the court next considers the factors contained in 18 U.S.C 3553 (a) and, in the exercise of its thus informed discretion, decide whether or not to modify the origanl sentence previously imposed. Wyatt, 115 F. 3d at 609; 18 U.S.C. 3582 (c) (2). The factors set fouth in 3553 (a) are the following:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) The need for the sentence imposed;
> (3) The kind of sentence available;
> (4) The applicable sentencing range under the guidelines;
> (5) Any pertitent Sentencing Commission policy statement;
> (6) The need to avoid unwarranted sentence disparities
> (7) The need to provide restitution to victims.

Put more succinctly, the statute requires the sentence imposed to be minimally sufficient to satisfy concerns of retribution, general & specific deterrence, and rehabilitation.

3

At Petitioners original sentencing the government as well as the sentencing court judge points out the sentencing guidelines' "exceptional harshness" towards individuals in conspiracies to distribute crack cocaine. The district court stated that, "For a conspiracy that has virtually any system, organization, and continuity to it, 1.5 Kilograms, which triggers the offense level 38 is a very low amount." (Sentencing tr.pg28). The court also made it a point to stress that, "it is particularly distressing to see a young man like Mr. Askia sentenced to such a long period of time in the custody of the Bureau of Prisons, when he has such a strong supportive and law-abiding family that is so imbedded in the community". (tr.pg.33) Based on the aforementioned views of this Honorable Court, Petitioner respectfully request that the court use its descretion and apply Amendment 706 to adjust downward two levels of his base offense level.

In addition Petitioner would like to add that during his original sentencing an unconstitutional mandatory sentencing regime was still being applied, limiting the district courts ability to take all 3553 (a) factors into consideration. Thus petitioner request this Honorable Court adjust his sentence further to reflect the Supreme Courts opinion in U.S. V. Booker, 543, U.S. 220, 224 (2005) Where they instruct district courts to read the United States Sentencing Guidelines as "effectively advisory," id., at 245.[FN] In accord with 18 U.S.C. 3553 (a) the guidelines, formerly mandatory now serve as one factor among several courts must consider in determining an appropriate sentence.

---

[FN] See United States V. Goines, 357 F.3d 469, 478 (4th Cir.2004)("Congress endowed the Commission with broad powers to authorize retroactive application of guidelines Amendments...Thus, the disruption of finality engendered by a broad interpretation of 3582(c)(2) is consistant with leglislative design," this anticipates that sentence will be reopened whenever a guideline amendment is given retroactive effect).

4

The ninth circuit has held that while 3582(c)(2) proceedings do not constitute full resentencings, their purpose is to give defendants a new sentence. This resentencing, while limited in certain respects, still results in the judge calculating a new guideline range, considering the 3553(a) factors, and issuing a new sentence based on the guidelines. The court goes on to say that, "Booker applies to resentencing brought under 18 U.S.C. 3582(c)(2) authorizing courts to modify a sentence based on a subsequent lowering of the sentencing guidelines range by the Sentencing Commission. See United States V. Hicks, 472 F. 3d 1167-71 (9th Cir. 2007).

On Dec 10, 2007 the Supreme Court decided Gall V. U.S., No.06-7949. In Gall the court says, "As a matter of administration and to secure nationwide consistency, the guidelines should be the starting point and the initial benchmark" of sentencing. However the guidelines are not the only consideration.

After giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the guidelines range is reasonable. He must make an individualized assessment based on the facts presented. Also decided that day was Kimbrough V. United States, 128 S. Ct 558, 566 (2007). In Kimbrough the court identified three major issues [cited by the United States Sentencing Commission] associated with the differential treatment of crack and powder cocaine offenders, which under the old guideline, "Yielded sentences for crack offenses 3 to 6 times longer than those for powder offenses

involving equal amounts of drugs."

    (1) the disparity was based on "assumptions about the relative harmfullness of the two drugs" that " more recent research and data no longer support."

    (2) the disparity "leads to the anomalous result that retail crack dealers get longer sentences than the wholesale drug distributors who supply them with powder cocaine from which their crack is produced," and thus "is inconsistent with" congressional policy to punish major drug dealers more severely than low-level dealers; and

    (3) the disparity "fosters disrespect for and a lack of confidence in the criminal justice system because of a widely held perception that it promotes unwarranted disparity based on race."

The court also cited the Commissions own conclusions that this disparate treatment of crack offenders was, "generally unwarranted" and "failed to meet the sentencing objectives set forth by Congress in both the Sentencing Reform Act and the 1986 Act." The Kimbrough court went on to say, "Given all this, it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence, "greater than necessary" to achieve 3553 (a)'s purpose, even in a mine-run case." The sentencing judge is, "in a superior position to find facts and judge their import under 3553 (a) in each particular case," Gall V. U.S. Ante at 13.

In conclusion based on this sentencing courts remarks, this petitioners steady work history, from the age of fifteen his first time non-violent offender status, as well as numerous character letters written on his behalf, he respectfully request in the interest of justice, that this Honorable Court amend his term of imprisonment pursuant to 18 U.S.C. 3582 (c) (2). From the very beginning of his incarceration petitioner has been on a steady course of self imposed rehabilitation. He completed a 15 credit accredited course in Business Management through Kent St. University, were he recieved all A's. He completed real estate courses, a non-profit course, an apprenticeship program for data entry clerks, and various other classes to improve himself. (See progress report enclosed)

On top of this he has a responsibility to his son, his parents, his family and his community as a whole, to be a better person, Throughout the course of his incarceration petitioner has not only grew in age but he's grown in maturity and decision making. Petitioner prays this Honorable Court considers this growth as well as these new Supreme Court cases when making his decision.

Respectfully submitted,

*Antwan Askia*
Antwan Askia
Reg# 33317-037
F.C.I. Elkton
P.O. Box 10
Lisbon, OH. 44432

## CERTICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has, this 13th day of March, 2008, been served by placing a copy of same in the institutional mail box for delivery to United States Post Office, with proper postage and was mailed on 13th day of March 2008.

*Antwan Askia*
Antwan Askia
Reg# 33317-037
F.C.I. Elkton
P.O. Box 10
Lisbon, OH. 44432

# KENT STATE
UNIVERSITY
ASHTABULA

October 19, 2006

Dear Mr. Askia:

Congratulations on completing your Customized Educational Program in Business Management Technology. You can be very proud of this accomplishment.

Now that you have achieved this goal, I want to encourage you to continue to set goals which include a commitment to lifelong learning.

On behalf of the faculty and staff of Kent State University Ashtabula, please accept my sincere congratulations.

Sincerely,

Susan J. Stocker
Dean

```
ELKD5              *         PROGRESS REPORT              *     03-22-2007
PAGE                                                            09:25:40
```

RSP OF: ELK ELKTON FCI                US DEPARTMENT OF JUSTICE BUREAU OF PRISONS
         8730 SCROGGS ROAD P.O.BOX 89
         ELKTON, OH 44415
         330 424-7448

NAME: ASKIA, ANTWAN                    REG NO: 33317-037 AGE(DOB): 33/03-03-1974

| INMATE REVIEWED/SIGNATURE | DATE | STAFF SIGNATURE |
|---|---|---|
| X Antwan Askia | 3/22/07 | S.H. |

TYPE OF PROGRESS REPORT:
INITIAL ___ SIH ___ TRIENNIAL _X_ PRE-RELEASE ___ TRANSFER ___ OTHER ___

PRESENT SECURITY/CUSTODY LEVEL:
  LOW      /IN

OFFENSE/VIOLATOR OFFENSE:
SENTENCE IMPOSED AND TERM OF SUPERVISION:

21:846 CONSP. TO DISTR. MIXUTRE OF SUB. CONT. A DET. AMOUNT OF
COCAINE BASE, CRACK, SCH. II NCS
   240 MONTHS/5 YEARS

DATE COMPUTATION BEGAN: 04-06-2001

| DAYS FSGT/WSGT/DGCT: | DAYS GCT OR EGT/SGT: | MONTHS SERVED: |
|---|---|---|
| 0    /0    /81 | 297 | + JAIL CREDIT - INOP TIME<br>M:     71 D:  17<br>+ 673      JC - 0       INOP |

PROJECTED RELEASE DATE: 01-13-2017   PROJECTED RELEASE METHOD: GCT REL

DETAINERS/PENDING CHARGES:
NONE ON FILE

CO-DEFENDANTS: Refer to PSI

DISTRIBUTION: ORIGINAL TO INMATE, COPY TO USPO, COPY TO USPC
              CENTRAL FILE - SECTION TWO                        BP-CLASS-3

NAME: ASKIA, ANTWAN                         REGNO: 33317-037

---------------------------- INSTITUTIONAL ADJUSTMENT ----------------------------
Mr. Askia arrived at FCI Elkton on May 18, 2001, for service of his sentence. His relationship with staff and inmates is appropriate and his unit team does not consider him a management problem.

A. PROGRAM PLAN: Mr. Askia has been advised to participate in FRP, Adult Continuing Education classes, Recreation classes, and substance abuse counseling. He has also been advised to maintain clear conduct, receive good work reports, and to maintain high sanitation in his assigned living area.

B. WORK ASSIGNMENTS: Mr. Askia is currently assigned to the Recreation Department where he receives good work reports. He has maintained good work reports since being incarcerated and has also been assigned to the following details:

| INST | WORK ASSIGNMENT | | START DATE | STOP DATE |
|---|---|---|---|---|
| ELK | REC PM | RECREATION PM | 03-29-2004 | CURRENT |
| ELK | TMP UNT | NEEDS MEDICAL CLEARANCE | 03-25-2004 | 03-29-2004 |
| ELK | DETENTION | INMATE IN SHU | 01-09-2004 | 03-25-2004 |
| ELK | ADP 3 | UNICOR ADP 3 | 08-21-2003 | 01-09-2004 |
| ELK | MED IDLE | MEDICAL IDLE | 08-18-2003 | 08-21-2003 |
| ELK | ADP 3 | UNICOR ADP 3 | 10-21-2002 | 08-18-2003 |
| ELK | DETENTION | INMATE IN SHU | 10-17-2002 | 10-21-2002 |
| ELK | ADP 3 | UNICOR ADP 3 | 10-05-2002 | 10-17-2002 |
| ELK | MED IDLE | MEDICAL IDLE | 10-04-2002 | 10-05-2002 |
| ELK | ADP 3 | UNICOR ADP 3 | 06-13-2002 | 10-04-2002 |
| ELK | MED IDLE | MEDICAL IDLE | 06-11-2002 | 06-13-2002 |
| ELK | ADP 3 | UNICOR ADP 3 | 03-05-2002 | 06-11-2002 |
| ELK | UNT FB ORD | F B SIDE UNIT ORDERLY | 10-11-2001 | 03-05-2002 |
| ELK | REC AM | RECREATION AM | 06-27-2001 | 10-11-2001 |
| ELK | MED IDLE | MEDICAL IDLE | 06-25-2001 | 06-27-2001 |
| ELK | REC AM | RECREATION AM | 06-12-2001 | 06-25-2001 |
| ELK | DINING AM | DINING HALL AM | 06-08-2001 | 06-12-2001 |
| ELK | A&O | ADMISSION AND ORIENTATION | 05-31-2001 | 06-08-2001 |
| ELK | DETENTION | INMATE IN SHU | 05-18-2001 | 05-31-2001 |

C. EDUCATIONAL/VOCATIONAL PARTICIPATION:
---------------------------- EDUCATION INFORMATION ----------------------------

| FACL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|---|---|---|---|---|
| ELK | ESL HAS | ENGLISH PROFICIENT | 05-22-2001 1304 | CURRENT |
| ELK | GED HAS | COMPLETED GED OR HS DIPLOMA | 01-15-2002 1012 | CURRENT |

---------------------------- EDUCATION COURSES ----------------------------

| SUB-FACL | DESCRIPTION | START DATE | STOP DATE | EVNT | AC | LV | HRS |
|---|---|---|---|---|---|---|---|
| ELK | BAT APPRENT COMP P B/DE CLERK | 12-05-2005 | CURRENT | | | | |
| ELK | SPINNING/WELLNESS-<HN> | 02-28-2007 | CURRENT | | | | |
| ELK | FITNESS PROGRAM | 11-13-2006 | 01-05-2007 | P | C | P | 40 |
| ELK | AOE BUSINESS MGMT TECHNOLOGY | 01-04-2006 | 08-29-2006 | P | C | C | 104 |
| ELK | AOE MARKETING TECHNOLOGY | 07-23-2006 | 08-29-2006 | C | C | P | 0 |
| ELK | AOE INTRO TO MANAGEMENT TECH | 06-07-2006 | 07-23-2006 | C | C | P | 0 |
| ELK | AOE ACCOUNTING I | 04-25-2006 | 06-27-2006 | C | C | P | 0 |
| ELK | AOE HUMAN RESOURCES | 01-18-2006 | 03-18-2006 | C | C | P | 0 |
| ELK | REAL ESTATE | 03-26-2005 | 07-09-2005 | P | C | P | 14 |
| ELK | FITNESS PROGRAM | 12-06-2001 | 03-08-2002 | P | C | P | 10 |
| ELK | FITNESS PROGRAM | 06-29-2001 | 12-06-2001 | P | C | P | 10 |

D. COUNSELING PROGRAMS: Mr. Askia participates in Unit based counseling on an as needed basis. He has completed the Drug Education class since being incarcerated.

NAME: ASKIA, ANTWAN                    REG.NO: 33317-037

E. INCIDENT REPORTS: Mr. Askia has received the following incident reports since being incarcerated:

```
UDC HEARING DATE/TIME: 03-07-2006 0720
FACL/UDC/CHAIRPERSON.: ELK/UNIT F/HARVEY
APPEAL CASE NUMBER(S): 407468
REPORT REMARKS.......: GUILTY OF CODE 307.
    307  REFUSING TO OBEY AN ORDER - FREQ: 1
         LP VISIT   / 60 DAYS / CS / SUSPENDED 180 DAYS
           COMP:    LAW:    60 DAYS LOSS OF VISITING SUSPENDED PENDING 180
                            DAYS CLEAR CONDUCT.
DHO HEARING DATE/TIME: 09-26-2004 0900
FACL/CHAIRPERSON.....: ELK/BIAFORE
REPORT REMARKS.......: GUILTY OF 112
    112  USE OF DRUGS/DRUG ITEMS - FREQ: 1
         DIS GCT    / 40 DAYS / CS
         COMP:010 LAW:P
         DS         / 60 DAYS / CS
           COMP:    LAW:
         LP COMM    / 365 DAYS / CS
           COMP:    LAW:
         LP VISIT   / 365 DAYS / CS
           COMP:    LAW:
UDC HEARING DATE/TIME: 07-26-2004 1345
FACL/UDC/CHAIRPERSON.: ELK/UNIT F/D. SMITH
REPORT REMARKS.......: UDC BASED IT'S DECISION ON THE EMPLOYEE'S WRITTEN
                       STATEMENT THAT ASKIA WAS MISSING FROM HIS WORK DETAI
    310  BEING ABSENT FROM ASSIGNMENT - FREQ: 1
         LP COMM    / 60 DAYS / CS
           COMP:    LAW:    LOSS OF COMMISSARY PRIVILEGES, STARTING
                            JULY 27, 2004.
         LP PHONE   / 60 DAYS / CS
           COMP:    LAW:    LOSS OF TELEPHONE PRIVILEGES, STARTING
                            JULY 27, 2004.

------------------------------------------------------------
DHO HEARING DATE/TIME: 01-26-2004 1018    INCIDENT DATE/TIME: 01-09-2004 1830
    113  POSSESSING DRUGS/DRUG ITEMS - FREQ: 1
         DIS GCT    / 41 DAYS / CS
         COMP:010 LAW:P
         DS         / 60 DAYS / CS
           COMP:    LAW:
         LP VISIT   / 180 DAYS / CS
           COMP:    LAW:
------------------------------------------------------------
UDC HEARING DATE/TIME: 10-20-2002 0900    INCIDENT DATE/TIME: 10-17-2002 1650
    316  BEING IN UNAUTHORIZED AREA - FREQ: 1
         LP COMM    / 30 DAYS / CS
           COMP:    LAW:    30 DAYS COMM RESTRICTION. 10-20-02 TO 11-19-02
                            90 DAYS PH RESTRICTION. PEND 180 DAYS C/CONDUCT
```

F. INSTITUTIONAL MOVEMENT: Mr. Askia was initially designated to FCI Elkton for service of his sentence on May 18, 2001. There has been no further movement.

```
INSTITUTION   ASSIGNMENT   REASON FOR MOVEMENT           EFFECTIVE DATE
ELK           A-DES        US DISTRICT COURT COMMITMENT  05-18-2001
```

G. PHYSICAL AND MENTAL HEALTH: Mr. Askia is currently assigned regular duty with medical restrictions of lower bunk required and no sports/no weight lifting. He exhibits no signs of mental illness.

NAME: ASKIA, ANTWAN                          REG NO: 33317-037

H. PROGRESS ON FINANCIAL RESPONSIBILITY PLAN: The sentencing court in the District of Maryland imposed a $100.00 assessment. Mr. Askia has completed payment of the assessment and has no further financial obligation to the court.

```
FRP ASSIGNMENT                                    START DATE
COMPLT           FINANC RESP-COMPLETED            06-12-2002
```

I. RELEASE PREPARATION PROGRAM & RELEASE PLANS: It is anticipated that Mr. Askia's Unit Team will recommend a Community Corrections Center placement when he is 11-13 months from release to assist with his transition back into society. Mr. Askia's Unit Team has also recommended that he participate in the Release Preparation Program when he is 30 months from release. It is anticipated he will complete the following courses: Personal Growth and Development, Personal Finance/Consumer Skills, Release Procedures and Requirements, Community Resources, Health and Nutrition and Employment.

```
CMA ASSIGNMENT (REL PREP)                         START DATE
RPP NEEDS        RELEASE PREP PGM NEEDS           06-09-2014
```

TEN PERCENT DATE:   06/09/16

RESIDENCE:     To be obtained.

EMPLOYMENT:    To be obtained.

USPO:          District of Maryland
               David E. Johnson, Chief
               250 W. Pratt St., Suite 400
               Baltimore, MD 21201

J. RELEASE NOTIFICATIONS:

OFFENDER IS SUBJECT TO RELEASE NOTIFICATION PROVISIONS UNDER 18 USC 4042(B) DUE TO:
   CURRENT CONVICTION FOR A DRUG TRAFFICKING OFFENSE

   18 USC 4042(B) NOTIFICATIONS APPLY TO INMATES RELEASING TO THE COMMUNITY WITH SUPERVISION

IS OFFENDER SUBJECT TO RELEASE NOTIFICATION PROVISIONS UNDER 18 USC 4042(C) DUE TO A CONVICTION FOR CERTAIN SEXUAL OFFENSES.

   ( ) YES   (X) NO

   18 USC 4042(C) NOTIFICATIONS APPLY TO INMATES RELEASING TO THE COMMUNITY

DNA TEST STATUS: NEED

   DNA TESTING APPLIES TO INMATES WITH A QUALIFYING OFFENSE

DICTATED BY: _____ CASE MANAGER (DATE) 3/22/07
             CSW-FB    S. HARVEY

DATE TYPED:   03/22/07

REVIEWED BY: _____ UNIT MANAGER (DATE) 3/22/07
             UNIT F   D. C. Wilcome, UNIT MANAGER

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF MARYLAND

UNITED STATES OF AMERICA, )
      Respondant )
)
)
VS. )  Case No. L-98-0258
)  Hon: Benson E. Legg
)
)
ANTWAN ASKIA, )
      Peititioner )

MOTION TO MODIFY TERM OF IMPRISONMENT
PURUANT TO 18 U.S.C. 3582 (c) (2).

NOW COMES, Antwan Askia herein after Petitioner, pro se, and pursuant to 18 U.S.C. 3582 (c) (2), and moves this Honorable Court for a reduction of his prison term. In support of said motion Petitioner states as follows.

On July 23, 1999 Petitioner was found guilty of count 3 of a 3 count indictment of conspiracy to distribute cocaine base "Crack" in violation of 21 U.S.C. 841 (a) and 846. The Court established a base offense level of 38 for the conspiracy based on his finding that 1.5 Kilograms of cocaine base was distributed during the conspiracy. The Court also applied upward adjustments under section 2D1.1 (b) (1) for a total offense level of 42, Criminal history category I, which has a sentencing range of 360 months - life. However, due to the governments failure to submit drug amounts and any other sentencing enhancements to the jury, or in the indictment for a beyond a reasonable doubt finding, the Court pursuant to Apprendi. V. New Jersey, 503 U.S. 466 (2000), sentenced Petitioner under 841 (b)(1)(c),



1