# OFFICE OF THE FEDERAL PUBLIC DEFENDER
## DISTRICT OF MARYLAND
### SOUTHERN DIVISION
6411 IVY LANE, SUITE 710
GREENBELT, MARYLAND 20770
TEL: (301) 344-0600
FAX: (301) 344-0019

CHAMBERS OF
[...]TT LEGG

APR 10 2008

UNITED STATES DISTRICT JUDGE

JAMES WYDA
FEDERAL PUBLIC DEFENDER

PARESH S. PATEL
STAFF ATTORNEY

<u>Via Hand-Delivery</u>

April 10, 2008

**Crack Reduction - Status Report**
**Motion for Appointment of Counsel**

The Honorable Benson E. Legg
United States District Court
for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2008 APR 22 P 12:07
CLERK'S OFFICE
AT BALTIMORE
BY _____ DEPUTY

Re:   *United States v. Antwan Askia*
      <u>Case No: L-98-258</u>

Dear Judge Legg:

Please accept and docket this letter as a status report and a motion for appointment of counsel in Mr. Antwan Askia's pending *pro se* motion seeking a reduced sentence under 18 U.S.C. § 3582(c) and Amendments 706 and 711.

The United States Probation Office has reviewed Mr. Askia's case and rendered the opinion that he is not eligible to seek a reduced sentence because his base offense level is 43, which was determined by a cross-reference to the First Degree Murder guideline found at U.S.S.G.§ 2A1.1." However, a careful reading of 18 U.S.C. § 3582 does not preclude Mr. Askia from seeking a reduction in sentence. To be eligible to seek a reduced sentence under § 3582, a defendant need only have been "sentenced to a term of imprisonment **based** on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). It **does not require** that the original sentence be **based solely** on a guideline that the Commission has subsequently lowered.

Here, Mr. Askia's 240-month sentence was "based" on the amended crack guidelines at U.S.S.G. § 2D1.1. [1] This is because the crack guideline informed the court's sentence in Mr.

---

[1] The definition of "based" is instructive - to serve as a "starting point," "the foundation," or the "fundamental" part of something. *See Merriam-Webster, Online* ("base" as a noun and verb)

Askia's case. In particular, although the guidelines initially assigned Mr. Askia a base offense level of 43 under the murder guideline, the court downward departed by two levels under § 2A1.1, Commentary, Application Note 1 because Mr. Askia did not intentionally or knowingly cause the death at issue in the case. However, this downward departure was **limited by the crack guideline**. Application Note 1 prohibits a court from departing below the applicable offense level for the underlying offense. Because Mr. Askia's adjusted offense level for his underlying crack offense under the crack guideline was 40 for the 1.5 kilos of crack the court attributed to him, the court only had the authority to downward depart down to offense level 40. Thus, Mr. Askia's sentencing range was driven by the crack guideline, and in turn, "based on" the crack guideline. This crack guideline has been subsequently lowered under the crack amendment because it reduces Mr. Askia's base offense level from 38 to 36. With adjustments, Mr. Askia's final offense level would be reduced from 42 to 40. With a criminal history category of I, this changes Mr. Askia's sentencing range from 360-life to 292-365 months in prison. Accordingly, Mr. Askia was sentenced **"based on a sentencing range that has been subsequently lowered,"** and this Court has jurisdiction to reduce Mr. Askia's sentence under 18 U.S.C. § 3582(c).

Even though the amended guideline range still remains above the 240-month statutory maximum sentence imposed by the Court, once jurisdiction is authorized under 18 U.S.C. § 3582(c), this Court has the discretion to reduce Mr. Askia' sentence below this sentence consistent with *Booker*, 18 U.S.C. § 3553(a), the advisory guidelines, and the rules of statutory construction.

This letter simply highlights some of the thorny legal issues arising in this case and is not intended as an exhaustive discussion of those issues. Given the complexity of the legal issues, counsel respectfully requests that this Court appoint my Office to represent Mr. Askia  No reason exists why the Office cannot continue to represent Mr. Askia.  Finally, undersigned counsel requests an additional 120 days to brief this issue in an updated status report. Because Mr. Askia's current release date is January 13, 2017, he should not be prejudiced by this delay.

Thank you for your attention to this matter.  If I can be of additional assistance, please let me know.

Sincerely,

Paresh S. Patel
Staff Attorney

cc:    Estelle Santana, USPO
       Barbara Sale, AUSA
       Antwan Askia, #33317-037

---

(available at http://www.m-w.com/dictionary).